IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BILLY VON HAWKINS                                                                                    PLAINTIFF

v.                                            Civil No. 4:18-cv-04051

CORPORAL RICHARDSON,
Miller County Detention Center                                                                      DEFENDANTS

# ORDER

Plaintiff Billy Von Hawkins filed this case *pro se* pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's failure to obey a Court order.

Plaintiff filed his Complaint on April 4, 2018, naming Corporal Richardson, Officer Gregory, Warden Walker, Lieutenant Miller and Captain Rodriquez as Defendants. (ECF No. 1). On April 26, 2018, Plaintiff filed an Amended Complaint naming only Corporal Richardson as a defendant. (ECF No.7). The same day, the Court directed service on Defendant Richardson at the Miller County Sheriff's Office located at 2300 East Street, Texarkana, Arkansas. (ECF No. 8). On May 18, 2018, the summons issued to Defendant Richardson was returned unexecuted indicating "Miller Co. advised two Richardsons neither ever cpls. One employed, one not. Complaint has no 1st name or other identifiers returned for more info." (ECF No. 11).

On June 15, 2018, the Court ordered Plaintiff to supply the Court with more information regarding the identity of Defendant Richardson such as his first name, race, age, height, and weight. (ECF No. 15). On June 27, 2018, Plaintiff responded providing additional identifying information. (ECF No. 19). On July 2, 2018, the Court attempted service a second time on Defendant Richardson at the Miller County Sheriff's Office. (ECF No. 20). On July 12, 2018, the summons issued to Defendant Richardson was again returned unexecuted. This time the Miller County Sheriff's Office indicated that Richardson no longer worked for the Miller County

Sheriff's Office, and it provided the Court with his last known address and phone number. (ECF No. 22).

On July 13, 2018, the Court again ordered service on Defendant Richardson at his last known address. (ECF No. 23). Because there was some confusion as to whether the U.S. Marshals ever received the July 13, 2018 order regarding service, the Court issued another order on October 9, 2018, directing service on Defendant Richardson at his last known address. (ECF No. 27). On October 25, 2018, the summons issued to Defendant Richardson was returned unexecuted indicating "Certified Mail . . . Returned by U.S. Postal Service marked 'Moved left no address Unable to Forward.'" (ECF No. 29).

It is Plaintiff's responsibility to provide the Court with an address for proper service on all defendants. *See Lee v. Armontrout,* 991 F.2d 487, 489 (8th Cir. 1993). Because service was attempted on Defendant Richardson three times without success, on December 4, 2018, the Court entered an order directing Plaintiff to show cause on or before December 18, 2018, as to why this case should not be dismissed. (ECF No. 30). The order stated that this case would be dismissed if Plaintiff failed to show cause by the Court's imposed deadline. To date, Plaintiff has not responded to the Court's order and the order has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district

court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey a court order. Therefore, pursuant to Federal Rule of Civil Procedure 41(b), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED** this 1st day of February, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge